IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES E. PEDERSON,

        Plaintiff,

  v.

MIDLAND COOPERATIVE SERVICES,

        Defendant.

OPINION and ORDER

25-cv-812-wmc

---

Self-represented plaintiff James E. Pederson alleges that defendant discriminated against him during the hiring process for a cashier on the basis of his learning disability, in violation of the Americans with Disabilities Act of 1990. He has filed a motion for recruitment of counsel, Dkt. 14. Defendant has filed a motion to compel plaintiff to respond to discovery requests and to extend the dispositive motions deadline to allow the parties to complete necessary discovery. Dkt. 15. For the following reasons, plaintiff's motion is DENIED without prejudice and defendant's motion is GRANTED.

## ANALYSIS

**A. Plaintiff's motion for recruitment of counsel, Dkt. 14**

Plaintiff asks the court for counsel, stating that he is a "vulnerable person" with a learning disability who suffers from "high anxiety" at the thought of presenting this case on his

own.  He describes his ongoing efforts to find a lawyer on his own and attaches letters from two law firms that have declined to represent him.[1]  Dkt. 14-1.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters.  Rather, the court can only help recruit counsel who may be willing to serve voluntarily.  *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements.  *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).  First, he must show that he is unable to afford counsel.  Plaintiff paid the filling fee in full, and he has submitted no evidence that he is indigent.  He has not met this requirement, and his motion can be dismissed on this basis alone.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own.  *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts").  Plaintiff has met this requirement by attaching letters from lawyers that have declined to represent him.  Dkt. 14-1.

Third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it.  *Mote*, 503 F.3d at 654–55.  Federal civil litigation is generally

---

[1] Plaintiff also lists "5 areas of concern regarding this case."  Dkt. 14.  The court acknowledges plaintiff's concerns, and notes that he can present them in a dispositive motion or in opposition to such a motion when the case reaches that phase.

challenging for most self-represented parties, and their limited knowledge of the law is a common predicament.  But the court receives hundreds of new lawsuits every year from unrepresented plaintiffs, and there are only about 15 to 20 attorneys who might volunteer to take one such case a year.  This means that the court must decide for each case "whether this particular [ ]plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Even if plaintiff had established indigency, his motion must be denied because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel.  Plaintiff's complaint has been screened, and discovery has begun, but summary judgment motions are not due until August 28, 2026, so the only legal task at hand is to participate in the discovery process.  Although plaintiff is understandably anxious, he has received guidance from the court on how to use that process to obtain information and documents to support his claim at the preliminary pretrial conference and in the court's preliminary pretrial conference order and packet. Dkt. 13.  Plaintiff can rely on his own records and his memory of what happened to draft requests for discovery and to respond to defendant's requests.  And should defendant depose plaintiff, plaintiff will be able to consider the questions asked, respond in a reasonable amount of time, and need only answer truthfully based on his personal knowledge.

Despite his reported learning disability, plaintiff's filings are understandable, and he was able to participate in the preliminary pretrial conference.  So the court has no reason to believe that his ability to participate in discovery, either by exchanging responses or being deposed, or otherwise litigate this case falls below that of the hundreds of self-represented

plaintiffs who litigate cases, including disability discrimination cases like this one, in this court every year. Should he ever need additional time to complete a task, he may request an extension for good cause.

The court will deny plaintiff's motion without prejudice, which means that he can renew his motion later in this case if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to provide proof that he is unable to afford counsel and explain what specific litigation tasks he is unable to accomplish without counsel and why.

## B. Defendant's motion to compel, Dkt. 15

Defendant asks the court to compel plaintiff to respond to defendant's discovery requests served via electronic mail and the U.S. Mail on March 26, 2026. Dkt. 16-1 & Dkt. 16-2. Defendant also noticed plaintiff's deposition for June 16, 2026. Dkt. 16-3. Allowing plaintiff the standard 30 days to respond, plus three days each for mail service to plaintiff and in return to defendant, plaintiff's responses were due by May 1, 2026. Defendant attests that plaintiff acknowledged receiving the requests when defense counsel called him about the delay, but plaintiff never responded, stating that he was still trying to find counsel and was busy. Dkt. 16, ¶¶ 8, 10, 13. Defense counsel also sent two follow-up emails, but plaintiff did not respond to those either. Dkt. 16-5 & Dkt. 16-6.

Defendant's motion to compel is GRANTED. This is plaintiff's case to prosecute—he has an obligation to participate in discovery in good faith and has had ample opportunity to do so. This obligation includes sitting for a properly noticed deposition. That he is unrepresented and preoccupied with work or other concerns does not excuse him from his discovery obligations. The court will allow plaintiff an additional 21 days to respond to

defendants' discovery requests.  If plaintiff does not respond by the deadline indicated below, defendant may file a motion for sanctions against plaintiff under Federal Rule of Civil Procedure 37(b) for the presiding judge's consideration.  Sanctions may include dismissal of his claims.  If plaintiff does timely respond and there are disputes about those responses, the parties must meet and confer in good faith to resolve any disputes themselves before asking for the court's help.  *See* Fed. R. Civ. P. 37(a)(1) (a motion to compel must include a certification that the movant has made a good-faith effort to confer with the person or party failing to make disclosure or discovery).

To allow the parties sufficient time to complete necessary discovery before the dispositive motions deadline, the court will extend that deadline by 30 days as indicated below. The court will not extend that deadline further absent extraordinarily good cause.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for recruitment of counsel, Dkt. 14, is DENIED without prejudice.

2. Defendant's motion to compel, Dkt. 15, is GRANTED.  Plaintiff must respond to defendant's discovery requests by July 13, 2026 or he may face sanctions including the dismissal of his claims.

3. The dispositive motions deadline is extended to September 27, 2026.  All other deadlines remain in place.

Entered June 22, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

5